## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT COVINGTON

**CASE NO. 23-CR-28**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**

**DEMARCO STURGEON, et al.**                                    **DEFENDANT**

---

### DEFENDANT DEMARCO STURGEON'S MOTION TO DISMISS

---

Defendant Demarco Sturgeon, through counsel, hereby respectfully moves the Court to dismiss all firearms-related charges in the Indictment pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). A memorandum in support of this motion and a proposed order follow.

Respectfully submitted,

**/s/ Edward L. Metzger III**
Edward L. Metzger III (KBA #94138)
OMEGA LAW PLLC
P.O. Box 559
Union, KY 41091
(859) 828-2140
Lee@nkylaw.net
*Counsel for Defendant, Demarco Sturgeon*

### CERTIFICATION

This is to certify that a true and accurate copy of the foregoing has been served on **8/11/2023** by filing the same via the CM/ECF system. The undersigned has also emailed a copy to all counsel of record.

**/s/ Edward L. Metzger III**
Edward L. Metzger III

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CASE NO.  23-CR-28**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**v.**

**DEMARCO STURGEON, et al.**                                           **DEFENDANT**

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

---

Defendant Demarco Sturgeon, through counsel, for his Memorandum in Support of his Motion to Dismiss, hereby states as follows:

The Indictment contains two firearms-related counts, including:

- Count 1 – Aiding and abetting the possession and transfer of a machine gun, in violation of 18 U.S.C. § 922(o)
- Count 2 – Aiding and abetting the transport of an unregistered machine gun in interstate commerce in violation of 26 U.S.C. 5861(j)

Mr. Sturgeon asks the Court to dismiss these charges, as the statutes violate the Second Amendment.

## DISCUSSION

The legal landscape changed last year with the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  According to the *Bruen* court, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."  *Id.* at 2126.  To justify a regulation that infringes upon an individual's Second Amendment rights, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation."  *Id.*  Only if the firearm regulation is consistent with this Nation's historical condition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."  *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961)).

To proceed with the two charges against Mr. Sturgeon – both of which infringe upon his Second Amendment right to keep and bear arms – the government must show that *each* statute under which he has been charged "is consistent with this Nation's historical tradition of firearm regulation."  *Bruen*, 142 S. Ct. at 2126.[1]  Assuming it cannot, these charges must be dismissed, as the statutes are unconstitutional.

---

[1] The constitutionality of these statutes appears to be an issue of first impression within this Circuit.

Respectfully submitted,

**/s/ Edward L. Metzger III**
Edward L. Metzger III (KBA #94138)
OMEGA LAW PLLC
P.O. Box 559
Union, KY 41091
(859) 828-2140
Lee@nkylaw.net
*Counsel for Defendant,*
*Demarco Sturgeon*