**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL CASE NO. 23-28-DLB-CJS**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                   **MEMORANDUM OPINION AND ORDER**

**ISAIAH SMITH**
**DENICO HUDSON**
**DEMARCO STURGEON**                                        **DEFENDANTS**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Defendant Demarco Sturgeon's Motion to Dismiss. (Doc. # 40). Codefendants Isaiah Smith and Denico Hudson also filed Motions to Dismiss, joining the arguments raised by Defendant Sturgeon. (Docs. # 41 and 43). The United States has filed a Response in Opposition. (Doc. # 44). No defendant has filed a reply, and the time period for doing so has expired. *See* LCrR 47.1(d). For the reasons set forth herein, the Motions to Dismiss (Docs. # 40, 41, and 43) will be **denied**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 8, 2023, Defendants Smith, Hudson, and Sturgeon ("the Defendants") were indicted on one count of aiding and abetting one another in the commission of possession and transfer of a machinegun in violation of 18 U.S.C. § 922(o), and aiding and abetting one another in the commission of transporting and receiving an unregistered machinegun in violation of 26 U.S.C. 5861(j). (Doc. # 4).

1

On August 11, 2023, Sturgeon[1] moved to dismiss the § 922(o) and § 5861(j) charges in the Indictment, arguing in a one-page memorandum that the charges are unconstitutional in light of the Supreme Court decision in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and that the United States must meet the requirements imposed by *Bruen* to proceed with his prosecution. (Doc. # 40 at 3). Shortly after, both codefendants filed Motions to Dismiss, joining Sturgeon in his argument. (Docs. # 41 and 43). The United States filed one Response, arguing that *Bruen* did not disturb the constitutionality of these firearms statutes and that even under the new *Bruen* test, the statutes are consistent with the Nation's historical tradition of firearm regulation. (Doc. # 44). No defendant filed a reply. The Court will consider the arguments herein.

## II.     ANALYSIS

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010) that the Second Amendment guarantees "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 142 S. Ct. at 2122. In June 2022, the Supreme Court decided *Bruen* and determined that the Second Amendment also protects "an individual's right to carry a handgun for self-defense outside the home." *Id.* The Supreme Court established a new, two-step approach to assess the constitutionality of a law that restricts the right to bear arms. *Id.* at 2129-30. First, "[w]hen the Second

---

[1]     Sturgeon is a co-defendant in another case in this district, *United States v. Sturgeon, et al.*, 2:23-cr-6-DLB-CJS (E.D. Ky. 2023). He has filed a similar motion in that case. *See id.*, ECF No. 59.

Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* Second, when a regulation burdens such conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

Although the issue in *Bruen* was whether a New York licensing regime requiring a showing of "proper cause" for handgun carrying permits was constitutional, criminal defendants across the country have flooded the lower courts with motions to dismiss, arguing that *Bruen* has called into question various criminal statutes related to the possession of firearms. However, *Bruen* repeatedly described the Second Amendment's application to "law-abiding" citizens. *See id.* at 2122, 2131, 2133-34, 2138, 2150, 2156. *Bruen* also affirmed *Heller* and *McDonald*, noting that these cases "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen *to possess a handgun in the home for self-defense* . . . consistent with *Heller* and *McDonald*." *Id.* at 2122 (emphasis added). Thus, by explicitly affirming the holdings in *Heller* and *McDonald*, *Bruen* did not invalidate the firearms statutes that the Defendants have been charged with violating. *See Bruen*, 142 S. Ct. at 2122; *id.* at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("as *Heller* and *McDonald* established and the Court today again explains . . . Properly interpreted, the Second Amendment allows a 'variety' of gun regulations.") (quoting *Heller*, 554 U.S. at 636).

3

Even if *Bruen* had not specifically upheld *Heller* and *McDonald*, the two firearms charges that the defendants challenge are still constitutional under the *Bruen* analysis. The first step of the *Bruen* analysis requires a court to determine whether the plain text of the Second Amendment covers an individual's conduct. *Bruen*, 142 S. Ct. at 2129-30. The Defendants' Motions will be denied because § 922(o) and § 5861(j) regulate conduct outside of the scope of the Second Amendment.

1. Count 1 – 18 U.S.C. § 922(o)

*Bruen* emphasized that there is no "right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." 142 S. Ct. at 2128 (quoting *Heller*, 554 U.S. at 626). In *Bruen*, the Supreme Court held that a New York licensing scheme that required a person seeking a concealed-carry permit to demonstrate "proper cause" for doing so "violate[d] the Fourteenth Amendment in that it prevent[ed] law-abiding citizens with *ordinary self-defense needs* from exercising their right to keep and bear arms." *Id.* at 2156 (emphasis added). The possession and transfer of a machine gun is not an "ordinary self-defense need," as noted by the Supreme Court in *Heller*. 554 U.S. at 625 ("The Second Amendment does not protect those weapons not typically used by law-abiding citizens for lawful purposes . . . .").

The Supreme Court was explicit about the holding in *Bruen* affirming the holdings in *Heller* and *McDonald*. *Bruen*, 142 S. Ct. at 2122 ("individuals have a right to possession of a handgun for self-defense outside the home 'consistent with *Heller* and *McDonald*.'"); *see also id.* at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that

4

may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("as *Heller* and *McDonald* established and the Court today again explains . . . Properly interpreted, the Second Amendment allows a 'variety' of gun regulations.") (quoting *Heller*, 554 U.S. at 636).

Following *Heller*, the Sixth Circuit explicitly stated that the Second Amendment does not authorize the unlicensed possession of an unregistered machine gun for personal use. *See Hamblen v. United States*, 591 F.3d 471, 474 (6th Cir. 2009). Nothing in *Bruen* disturbs this holding, as *Bruen* strictly limited its application to conduct protected by the Second Amendment. Additionally, while no other district court in the Sixth Circuit has had an opportunity to opine on the constitutionality of § 922(o) post-*Bruen,* no district courts outside of the Sixth Circuit has accepted a challenge to § 922(o). *See United States v. Lane*, No. 3:23cr62 (RCY), 2023 WL 5663084 (E.D. Va. Aug. 31, 2023) (collecting cases). Because this statute regulates conduct outside of the scope of the Second Amendment, it is not necessary for the Court to engage in an analysis of whether the statutes are consistent with the Nation's historical tradition of firearms regulation. The Defendants' Motions to Dismiss the charges under § 922(o) will be **denied**.

2. **Count 2 – 26 U.S.C. § 5861(j)**

The Defendants face an additional count of aiding and abetting one another in the commission of transporting and receiving an unregistered machine gun in violation of 26 U.S.C. 5861(j). (Doc. # 4). Section 5861 does not prohibit the unregistered possession of all firearms–it regulates unregistered possession of "unusual or dangerous" firearms as defined under 26 U.S.C. § 5845. Because § 5845 firearms are considered unusual and dangerous, they fall outside the Second Amendment's scope, as explicitly stated in

5

*Bruen* and *Heller*. *Bruen*, 142 S. Ct. at 2122. Though district courts within the Sixth Circuit have not yet addressed challenges to charges of § 5681 post-*Bruen*, other district courts have come to the same conclusion that § 5861 regulates conduct outside of the Second Amendment and is therefore permissible following *Bruen*. *See United States v. Wuchter*, No. 23-CR-2024-CJW-MAR, 2023 WL 4999862 (N.D. Iowa Aug. 4, 2023) (collecting cases holding same). The Court agrees with the reasoning presented in these cases and finds that the Defendants' conduct of transporting and receiving an unregistered machinegun is outside of the scope of the Second Amendment because it is an "unusual or dangerous" firearm. *Bruen*, 142 S. Ct. at 2122. Like the Defendants' challenge to § 922(o), because this statute regulates conduct outside of the scope of the Second Amendment, it is not necessary for the Court to engage in an analysis of whether the statutes are consistent with the Nation's historical tradition of firearms regulation. Thus, Defendants' Motions to Dismiss the charges under § 5861(j) will be **denied**.

III.  **CONCLUSION**

Accordingly, **IT IS ORDERED** that:

(1)   Defendants' Motions to Dismiss (Docs. # 40, 41, and 43) are **DENIED**; and

(2)   This matter is set for a **Scheduling Conference** on **Tuesday, October 31, 2023 at 8:00 a.m. in Covington, Kentucky,** to discuss rescheduling the trial date in this matter.

This 18th day of October, 2023.



Signed By:
David L. Bunning
United States District Judge

6