UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NOS.:   23-CR-6-DLB-CJS
                        23-CR-28-DLB-CJS

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

DEMARCO STURGEON, et al.                                    DEFENDANTS

## SENTENCING MEMORANDUM

The Defendant, **DEMARCO STURGEON**, through counsel, for his Sentencing Memorandum, hereby states as follows:

**I.   INTRODUCTION AND APPLICABLE GUIDELINES**

Mr. Sturgeon was charged, and pleaded guilty, in two separate but related firearms cases. In Case No. 23-CR-6, he pleaded guilty to conspiracy to transfer firearms to others with knowledge that the possession of such firearms by the others would be a felony, in violation of 18 U.S.C. § 933(a)(3), and with possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). His Guidelines range for the § 933 conviction is 70-87 months, based on a criminal history category of I and a total offense level of 27. His Guidelines range for the § 924(c) conviction is a mandatory minimum 60 months, consecutive to the prison term for the § 933 conviction.

In Case No. 23-CR-28, Mr. Sturgeon pleaded guilty to aiding and abetting the possession and transfer of a machine gun, in violation of 18 U.S.C. § 922(o). Like the

§ 933 conviction, his Guidelines range for this offense is 70-87 months, based on a criminal history category of I and a total offense level of 27.

Mr. Sturgeon and the United States agreed in the plea agreement that the sentence for the § 922(o) conviction should run concurrently with the sentence for the § 933 conviction. Plea Agreement, R. 52, PgID# 147, Case No. 23-CR-28. This would be followed by a mandatory minimum 60 months consecutive on the § 924(c) conviction.

Mr. Sturgeon respectfully requests a low-end Guidelines sentence of 70 months on the § 922(o) and § 933 convictions, to run concurrently, followed by a consecutive sentence of 60 months on the § 924(c) conviction, for a total sentence of 130 months. In its Sentencing Memoranda, the United States has requested this same sentence of imprisonment.

The parties differ in their requested supervision term. Mr. Sturgeon requests two years of supervision on each offense, to run concurrently. The United States requests three years.

## II.   UNRESOLVED OBJECTIONS TO THE PRESENTENCE REPORT

None. Neither party objected to the presentence reports.

## III.   GUIDELINES SENTENCING FACTORS

The relevant factors under 18 U.S.C. § 3553(a) are summarized below.

### A. Nature and Circumstances of the Offense

Mr. Sturgeon was trafficking in firearms that were straw purchased by co-defendants Clifton Barnett and Cylis Rowe. He would often drive Barnett and Rowe to federal firearms licensees so that they could purchase the firearms. He would

subsequently obtain some of these firearms from them via purchase or trade. Barnett and Rowe were aware that he was an unlawful user and distributor of controlled substances when they furnished him with these firearms.

Mr. Sturgeon has admitted he regularly distributed marijuana while in possession of firearms. He was also addicted to fentanyl at that time.

Mr. Sturgeon also sold machinegun conversion devices ("Glock switches") that were supplied by co-defendant Isaiah Smith. These devices, typically small pieces of plastic, qualify as both firearms and machineguns under federal law, as they can be used to convert a semi-automatic Glock pistol into a fully automatic weapon. 26 U.S.C. § 5845(a),(b). Mr. Sturgeon's Facebook account showed that he advertised, sold, and purchased Glock switches, firearms, and illegal drugs during the latter half of 2022. He kept these items in his possession and available for sale, and instructed others on how to install the conversion devices to convert firearms into fully automatic weapons.

Co-defendant Smith, Mr. Sturgeon's primary supplier, manufactured the Glock switches in Ohio using a 3D printer. He sold many of his switches to Mr. Sturgeon in Kentucky. Mr. Sturgeon then re-sold several of them to co-defendant Denico Hudson. Mr. Hudson subsequently re-sold the Glock switches to others in Cincinnati who used them to commit crimes.

Mr. Sturgeon also provided Glock Switches to co-defendants Barnett and Rowe, and Barnett sold them to others who could not lawfully possess them. Mr. Sturgeon acknowledges that he and his co-defendants distributed more than 25 Glock switches during the course of the conspiracy.

He has accepted responsibility for his actions and pleaded guilty to violations of 18 U.S.C. § 922(o), 18 U.S.C. § 924(c), and 18 § U.S.C. § 933. Importantly, there is no allegation that Mr. Sturgeon ever committed any acts of violence using any of these firearms or Glock switches.

**B. History and Characteristics of the Defendant**

Mr. Sturgeon is 23 years old. PSR ¶ 58.[1] His parents were never married. *Id.* ¶ 53. During his childhood, his parents shared custody of him while they battled their own demons. They were poor, and he witnessed them struggle with prescription drug abuse throughout his youth. *Id.* ¶ 53.

He moved to New York for a year or two around age 9. While there, he was abused, but he has been unwilling to provide additional information concerning the abuse. *Id.* ¶ 55. He also stayed with his grandmother, Mary Torres, quite "a lot growing up." *Id.* ¶ 53. He believes he was diagnosed with Asperger's as a child.

He attended Newport High School, but after getting into trouble, he was sent to Bluegrass Challenge Academy, a military school in Ft. Knox. *Id.* ¶ 69. He successfully completed that program. He has no other education and has limited work experience.

Despite his young age, most of the people he loves have passed away. He had a sibling, Corado, pass away during childbirth. His mother, Falesha Sturgeon, passed away in 2019 from pneumonia. His grandmother, Mary Torres, passed away during that

---

[1] For purposes of simplicity, any reference to the Presentence Investigation Report is to the Report prepared in Case No. 23-CR-6.

same timeframe. His father passed away in 2021 as a result of seizures that occurred while suffering from multiple sclerosis. And he lost his best friend to suicide.

His mother's passing was particularly tragic. The day he completed Bluegrass Challenge Academy, his mother was supposed to pick him up, but she never came. His brother, Donavan Sturgeon, eventually came and transported him back to Northern Kentucky. They made contact with their mother's boyfriend, who told them she was in bed and sick. The next time they made contact with him, they learned that she had died. It was completely unexpected.

Mr. Sturgeon has struggled with all of these losses, as they have greatly affected him. *Id.* ¶ 62. He has not coped in healthy ways. He is addicted to controlled substances, and has been using both marijuana and Percocet/fentanyl daily since 2019. *Id.* ¶ 65. (Notably, this is the same timeframe that he lost his mother, grandmother, and best friend).

He acknowledges that he was high while committing the instant offenses. His main goal when committing these offenses was to earn enough money to get high again, and it just became a cycle. *Id.* He has expressed gratitude for being incarcerated, because it has given him an opportunity to be sober. He would certainly benefit from substance abuse treatment, while incarcerated and when on supervision.

C. **The Need to Avoid Unwarranted Sentencing Disparities**

For the § 922 and § 933 offenses, Mr. Sturgeon's primary guideline is U.S.S.G. § 2K2.1. PSR ¶ 27. According to the Sentencing Commission's *Fiscal Year 2023 Sourcebook of Federal Sentencing Statistics*, just shy of 50% of offenders last year whose primary

5

Guideline was § 2K2.1 received a sentence within the guidelines range. Table F-6.[2] Furthermore, 2 out of every 5 offenders whose primary Guideline was § 2K2.1 received a variance from the guidelines range. Thus, a sentence at the low end of the applicable range (70 months) would not produce an outlier here; it would be entirely consistent with the typical sentence in this sort of case.

Furthermore, the *Sourcebook* reflects that in this district, the median sentence in a firearms case last year was 60 months, and the average sentence in such a case was 69 months. *District at a Glance, Eastern District of Kentucky, Fiscal Year 2023*.[3] Accordingly, a sentence of 70 months on the § 922 and § 933 convictions would fit snugly as a "just higher than average" sentence in a case of this sort.

Of note, the national median and mean sentences for firearms cases are considerably lower than they are in the Eastern District of Kentucky. The national median is 40 months for a firearms offense, and the national mean is 49 months. *District at a Glance, National, Fiscal Year 2023*.[4] Thus, in light of the national data, the sentence advocated by Mr. Sturgeon can in no way be viewed as too lenient, as it is significantly higher than what is common across the nation for a mine-run case.

---

[2] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/TableF6.pdf.
[3] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/stats_KYE.pdf.
[4] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/stats_Nat.pdf.

## IV. CONCLUSION

For the reasons stated herein, Defendant Demarco Sturgeon respectfully requests a sentence of 70 months for the § 933 conviction, followed by 60 months <u>consecutive</u> for the conviction under 18 U.S.C. § 924(c). He further requests a sentence of 70 months on the § 922(o) conviction, to run <u>concurrently</u> with his 70 month sentence on the § 933 conviction. Thus, his total sentence would be 130 months of incarceration.

He also requests a term of supervised release of two years, and that the Court recommend he receive substance abuse treatment.

Respectfully submitted,

OMEGA LAW PLLC

*/s/ Edward L. Metzger III*
Edward L. Metzger III (KBA #94138)
P.O. Box 559
Union, KY 41091
(859) 898-2140
Lee@nkylaw.net
*Counsel for Defendant,*
*Demarco Sturgeon*

## CERTIFICATION

On March 18, 2024, I electronically filed this document through the CM/ECF system, which will send the notice of electronic filing to all counsel of record.

*/s/ Edward L. Metzger III*
Edward L. Metzger III